# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN MICHIGAN

MICHAEL LYNN,

      Plaintiff,

                                   Case No.

v.

                                   Hon.

CITY OF LANSING, ANDY SCHOR,

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Michael Lynn (hereinafter "Lynn"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1.    Plaintiff, Michael Lynn, is a resident of the City of Lansing, County of Ingham and State of Michigan.

2.     Defendant, City of Lansing (hereinafter "Lansing") is a governmental entity duly authorized to do business in the County of Ingham and State of Michigan.

3.     Defendant, Mayor Andy Schor is a resident of the County of Ingham and State of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial discrimination/harassment and retaliation in violation of First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff is an African-American male who began his employment with Defendant, Lansing on September 28, 2014 as a firefighter with the Lansing

2

Fire Department ("Fire Department") and at all times was an employee of the City of Lansing.

9.     During his employment with Defendant, City of Lansing, Plaintiff was harassed and discriminated against due to his race creating an offensive and hostile work environment.

10.    As a lifelong resident of the City of Lansing Plaintiff has been a fervent supporter of the community and has actively participated in many civic functions.

11.    In August, 2019 Plaintiff attended a Town Hall Meeting at City Hall in which then City of Lansing Interim Police Chief, Darryl Green appeared.

12.    Plaintiff attended the rally as a private citizen and his presence at the function was in no way related to his employment with the City of Lansing, but as a private citizen.

13.    Following the rally, Plaintiff and a number of other members of the public, who were not employed by the Fire Department or City of Lansing spoke with Chief.

14.    Prior to speaking with Chief Green, Plaintiff had never met him before and at no time during the discussion did Plaintiff ever identify himself as a firefighter or employee of the City of Lansing.

15.    Following the discussion Chief Green gave his private cell phone number to Plaintiff and the other members of the public with instructions to "give me a call to talk about your non-profit, The Village Lansing."

16.    In 2020 Plaintiff and his wife began a Pod Cast on Facebook to discuss various issues in and around the City of Lansing.

17.    In addition to his podcast, Plaintiff maintained a Facebook page that contained many posting discussing various political issues in and around the City of Lansing.

18.    Plaintiff conducted his podcast and maintained his Facebook page during his personal time and it never interfered with or impacted his employment with the City of Lansing Fire Department or the business of the Fire Department.

19.    In 2020 following the murder of George Floyd in Minneapolis, Minnesota, Defendant Schor and Police Chief Green were made aware of how hurtful it was to the African-American community to post the picture of a police dog named Sabre who was killed in the line of duty in 1998 on its social media.

20.    The incident was troubling and offensive to the African-American community because an unarmed young African-American, Aldric McKinstry was also killed during the incident and no mention of him was made other than referring to him as a "suspect" despite no evidence that he committed any crime.

4

21.    Plaintiff exercised his 1st Amendment right to free speech and communicated the hurtful nature of the City's post on his podcast and social media pages.

22.    After being made aware of the hurtful and offensive nature of the post, Mayor Schor and Chief Green issued a statement apologizing to the African-American community for the post and removed the post.

23.    Defendants removed the hurtful post in part, due to Plaintiff using his free speech to speak on a matter of public concern and making the City aware of the offensive nature of the post.

24.    In January 2021 the City again posted a picture of Sabre, without honoring Aldric McKinstry.

25.    The City posted the picture less than six months after removing it after learning the hurtful nature of the photograph/

26.    As a result of the City posting the picture of Sabre, the African-American community was again outraged and hurt because the City knew and understood the hurtful nature of the post.

27.    As a matter of public concern, Plaintiff along with other members of the community discussed the post and urged the City to remove the post.

28.     Plaintiff disagreed with the post and discussed his displeasure of the police and the City of Lansing Police Department and Chief Green on his podcast and social media.

29.     During this time, Plaintiff was on non-duty medical leave.

30.     Plaintiff was being treated differently than similarly situated Caucasian employees who were placed on duty medical leave and/or allowed to go on duty related retirement, while Plaintiff, who suffered the medical injury/condition on duty while working as a Lansing firefighter, was forced to go on non-duty medical leave.

31.     On January 24, 2021 Plaintiff shared the Chief's telephone number with the general public on his Facebook page encouraging them to contact Chief Green to voice their displeasure with him for posting the picture.

32.     At the time Plaintiff shared the Police Chief's telephone number he was acting as a private citizen who obtained the Chief's telephone number as a private citizen.

33.     At the time Plaintiff shared the Police Chief's telephone number he was acting as a private citizen engaged in political speech critical of the Lansing Fire Department which was protected by the First Amendment.

34.     At relevant times, Plaintiff was acting as a private citizen and none of his acts were disruptive to the Lansing Fire Department or the City of Lansing.

35.     On March 11, 2021 Plaintiff was terminated for engaging in protected free speech and posting the Police Chief's telephone number on his Facebook page.

36.     Defendant, City of Lansing is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

37.     Defendants, through their agents, representatives and employees, were predisposed to harass, discriminate and retaliate against Plaintiff on the basis of his race and acted in accordance with that predisposition.

38.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

39.     During the time period in question, Defendant, Lansing is a governmental agency and Plaintiff's employer and Plaintiff is its employee within the meaning of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

40.     Moreover, Defendant, Lansing is responsible for all acts committed by their agents, representatives and employees, who were at all times acting under color of law and within the scope of their employment/official positions.

41.     Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of his disability, his rights under the United States Constitution and acted in accordance with that predisposition.

42.     Defendants' actions were intentional,  or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

43.     Plaintiff has also sustained damages due to Defendants' violations of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

44.     Defendant's customs, policies and procedures that disabled workers, including Plaintiff are not to be accommodated and that workplace accommodations are not available to disabled employees and veterans are clearly in violation of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.and have been committed an especially malicious or reckless act of discrimination that Plaintiff is entitled to punitive damages under 42 U.S.C. §1983, 42 U.S.C.

## COUNT I
## VIOLATION OF 42 USC 1983 VIOLATIONS OF
## PLAINTIFF'S FIRST AMENDMENT RIGHTS-FREEDOM OF SPEECH
*As to the Individual Defendant Schor*

45.    Plaintiffs incorporate by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.    This action is brought pursuant to 42 U.S.C. §1983 against all Defendants for the purposeful discrimination of Plaintiff's right to free speech under color of law in violation of the First Amendment.

47.    At all times relevant, Defendant, Lansing pursuant to the rules, policies and procedures of Defendant, Lansing as mandated by Defendant Schor, punished employees who exercised their First Amendment rights on matters of a public concern that Defendants disagreed with.

48.    Freedom of speech constitutes the core of those activities protected by the First Amendment of the United States Constitution.

49.    Throughout his employment with Lansing Plaintiff exercised his First Amendment right to freedom of Speech, including comments made to Defendants regarding his race and Defendants failure to accommodate him, comments made to the EEOC and comments made during investigations by the EEOC that Defendants refused to comply with state and federal laws were not only personal concerns to Plaintiff they were matters of public concern both of which are protected by the First Amendment.

9

50. Plaintiff's complaints of racial discrimination and dissention within the Lansing Fire Department were matters of public concern.

51. Defendants took adverse employment action against Plaintiff by suspending him and for his exercise of free speech.

52. Defendant's refusal to comply with state and federal laws were matters of public concern which are protected by the First Amendment.

53. 42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including Plaintiff's right to freedom of speech.

54. Pursuant to 42 U.S.C. §1983, Defendants violated Plaintiff's First Amendment right to free speech by terminating him, due to his exercise of his First Amendment rights on matters of public concern.

55. Lansing acted under codes of law specifically customs, policies and practice of prohibiting employees of Lansing from engaging in protected speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

56. Defendant Schor was at all times relevant to this action acting under color of law and within the scope of his employment.

57. At all relevant times, Defendant Schor was acting pursuant to his authority as Mayor and was using the power of his office to justify his actions.

58.     The right to be free from discrimination in the form of disparate treatment, retaliation, and being treated differently than other employees on the basis of race and/or color in violation of one's constitutional rights is and at all times relevant to this cause of action was a clearly established right of which a reasonable person and corrections officer in the Defendants' position under the circumstances of this case knew or should have known.

59.     Defendant's actions as set forth herein, taken because of or on the basis of Plaintiff's race and/or color, abridge Plaintiff's right to equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

60.     Defendant Schor is not entitled to governmental or qualified immunity.

61.     Defendant's callous and repeated disregard of Plaintiff's constitutional rights rises to the level of deliberate indifference.

62.     As a direct and proximate result of Defendants' unlawful actions and retaliations against Plaintiff as described herein, which constitute a violation of Plaintiff's constitutional rights, Plaintiff has suffered injuries and damages, including but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

11

63.     Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiff for all damages allowed under Federal Law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendants' conduct was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff respectfully requests this honorable court enter a judgment in his favor and against Defendants for all damages to which he is entitled to pursuant to 42 U.S.C. §1983, for violations of Plaintiff's First Amendment rights including, but not necessarily limited to, economic damages, non-economic damages, exemplary damages, punitive damages, cost interest and attorney's fees.

**COUNT II**
**VIOLATION OF 42 USC 1983 VIOLATIONS OF**
**PLAINTIFF'S FIRST AMENDMENT RIGHTS-FREEDOM OF SPEECH**
*As to Defendant City of Lansing*

64.     Plaintiffs incorporate by reference paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65.     At all times relevant, Defendant, Lansing pursuant to the rules, policies and procedures of Defendant, Lansing.

66.     Freedom of speech constitutes the core of those activities protected by the First Amendment of the United States Constitution.

67.     Throughout his employment with Lansing Plaintiff exercised his First Amendment right to freedom of Speech, including comments made to and/or about Defendants regarding race and Defendants' treatment of African-American and ongoing race discrimination in the City and Fire Department and that Defendants refused to comply with state and federal laws were not only personal concerns to Plaintiff they were matters of public concern both of which are protected by the First Amendment.

68.     Plaintiff's complaints of racial discrimination and dissention within the City of Lansing and the Lansing Fire Department, and in particular, Defendants continuing to make racially insensitive posts on social media were matters of public concern.

69.     Defendants took adverse employment action against Plaintiff by suspending him and for his exercise of free speech.

70.     Defendant's refusal to comply with state and federal laws were matters of public concern which are protected by the First Amendment.

71.     42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including Plaintiff's right to freedom of speech.

72.     Pursuant to 42 U.S.C. §1983, Defendants violated Plaintiff's First Amendment right to free speech by terminating him, due to his exercise of his First Amendment rights on matters of public concern.

73.     Lansing acted under codes of law specifically customs, policies and practice of prohibiting employees of Lansing from engaging in protected speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

74.     Defendant acted under codes of law specifically customs, policies and practice of prohibiting employees of the Lansing from engaging in protected speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

75.     As a result of Defendants' violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants' through 42 U.S.C. §1983, Plaintiff sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all resulting in physical symptoms.  Further, the

nature of Defendants' conduct entitles Plaintiff to exemplary and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this honorable court enter a judgment in his favor and against Defendants for all damages to which he is entitled to pursuant to 42 U.S.C. §1983, for violations of Plaintiff's First Amendment rights including, but not necessarily limited to, economic damages, non-economic damages, exemplary damages, punitive damages, cost interest and attorney's fees.

**COUNT III**
**VIOLATION OF THE EQUAL PROTECTION**
**CLAUSE OF THE FORTEENTH AMENDMENT, 42 USC §1983**
*As to the Defendant, City of Lansing*

76.     Plaintiff incorporates by reference paragraphs 1 through 75 of the Complaint as though fully set forth herein.

77.     During his employment with Lansing Plaintiff has been protected under the equal protection provision of the Fourteenth Amendment.

78.     It is Defendant, Lansing's custom, policy and procedure to subject African-American employees to adverse employment actions and demand they work in hostile and offensive work environments due to their race. And deprive them of rights the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

79.     42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including rights under the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

80.     Defendant's policies regarding African-Americans violated Plaintiff's rights under the equal protection clause of the Fourteenth Amendment, which prohibits the "deprivation of any rights, privileges, or immunities" by a state or local government and its officials.

81.     Pursuant to 42 U.S.C. 1983, Defendants violated Plaintiff's Fourteenth Amendment rights to equal protection by denying Plaintiff substantive rights under 42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*., and Title VII to his race.

82.     Defendant, City of Lansing acted under customs, policies and practice of prohibiting employees from accommodating disabled employees, including Plaintiff's equal protection under the Fourteenth Amendment of the United States Constitution.

83.     As a result of Defendant's violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants through 42 U.S.C. § 1983, Plaintiff sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front

pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all resulting in physical symptoms.   Further, the nature of Defendants' conduct entitles Plaintiff to exemplary and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this honorable court enter a judgment in his favor and against Defendants for all damages to which he is entitled to pursuant to 42 U.S.C. § 1983, including, but not necessarily limited to, economic damages, non-economic damages, exemplary damages, punitive damages, cost interest and attorney's fees.

**COUNT IV**
**EQUAL PROTECTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE**
**FOURTEENTH AMENDMENT OF THE UNITED STATES**
**CONSTITUTOIN PURSUANT TO 42 U.S.C. § 1983**
*As to the Individual Defendant Schor*

84. Plaintiff, by reference, incorporates the preceding paragraphs 1 through 83 of his Complaint as though fully set forth herein.

85. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants for purposeful discrimination, under color of law, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

17

86. Plaintiff has a constitutional right to liberty, including the right to freedom from discrimination on the basis of his race and/or color.

87. As an African-American, Plaintiff is a member of a protected class, and as a citizen of the United States, is entitled to equal protection under the law pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

88. Defendant Schor was at all times relevant to this action acting under color of law and within the scope of his employment.

89. At all relevant times, Defendant Schor was acting pursuant to his authority as Mayor and was using the power of his office to justify his actions.

90. The right to be free from discrimination in the form of disparate treatment, retaliation, and being treated differently than other employees on the basis of race and/or color in violation of one's constitutional rights is and at all times relevant to this cause of action was a clearly established right of which a reasonable person and corrections officer in the Defendants' position under the circumstances of this case knew or should have known.

91. Defendant's actions as set forth herein, taken because of or on the basis of Plaintiff's race and/or color, abridge Plaintiff's right to equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

92. Defendant Schor is not entitled to governmental or qualified immunity.

93. Defendant's callous and repeated disregard of Plaintiff's constitutional rights rises to the level of deliberate indifference.

94. As a direct and proximate result of Defendants' unlawful actions and retaliations against Plaintiff as described herein, which constitute a violation of Plaintiff's constitutional rights, Plaintiff has suffered injuries and damages, including but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

95. Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiff for all damages allowed under Federal Law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendants' conduct was and remains extreme and outrageous subjecting Defendants to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendants in an amount the Court of jury deems just and fair, plus interest, costs, and attorney fees.

## COUNT V
## RACIAL DISCRIMINATION AND HARASSMENT IN
## VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT,
## MCLA 37.2201, *et seq*

96.     Plaintiff incorporates by reference paragraphs 1 through 95 of the Complaint as though fully set forth herein.

97.     Plaintiff belongs to a protected class as an African American.

98.     Plaintiff was treated differently than similarly situated Caucasians and was subjected to unwelcome communication and conduct.

99.     The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately terminated due, at least in part to his race.

100.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.  Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension from his employer and/or supervisors based upon his race.

101.    Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

102.    Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including termination based upon his race by Defendant, to the

point where his status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

103.   Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

104.   Defendants created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

   b. Imposing discipline based on race;

   c. Taking adverse employment action against Plaintiff based upon his race;

   d. Preventing Plaintiff from having full and fair opportunities to advance in his position based upon his race; and

   e. Creating a hostile work environment for Plaintiff by discriminating against him, harassing him, and retaliating against him due to his race.

105.   Defendants owed Plaintiff as an African-American employee, a duty to refrain from discriminating against employees.

21

106. Defendants owed Plaintiff as an African-American, a duty to refrain from discriminating against him, harassing him and treating him differently as a direct result of his race.

107. Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

108. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

109. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT VI
## RETALIATION

110.   Plaintiff incorporates by reference paragraphs 1 through 109 of the Complaint as though fully set forth herein.

111.   Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his race.

112.   Plaintiff's race was a factor in Defendant's employment decisions.

113.   Defendant was Plaintiff's employer within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

114.   During the course of his employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination creating a hostile work environment by Defendant.

115.   The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

116.   Plaintiff complained to upper management of Defendant that he was being discriminated against due to his race and that he was being subjected to a hostile work environment.

117.   Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

118.   Despite having notice of the racial discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his race and in retaliation for his complaints of racial discrimination.

119.   The racial discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

120.   As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: August 2, 2023

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES, Plaintiff, Michael Lynn, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated:  August 2, 2023